UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NOS. 01-236 & 01-292 |
| JACK WILLIE | SECTION "C" |

ORDER AND REASONS

These matters come before the Court on petitions under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by the defendant Jack Willie ("Willie"). Having considered the records, the memoranda of counsel and the law, the Court has determined the petitions should be denied for the following reasons.

On July 26, 2002, Willie was convicted after trial of one count of conspiracy to distribute more than 50 grams of cocaine base and less than 500 grams but less than 5 kilograms of cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846 (Count 1) in Criminal Action No. 01-236 "C".  A Bill of Information to Establish Prior Convictions under 21 U.S.C. §§ 851(a) and 841 had been filed in that case prior to trial on July 19, 2002.  Willie subsequently pled guilty on October 16, 2002, to a one-count indictment for being a felon in possession of a firearm in violation of 18

1

U.S.C. §§ 992(g)(1) and 924(a)(2) in Criminal Action No. 01-292 "C". On May 27, 2003, he was sentenced to 240 months imprisonment as to Count 1 in Criminal Action No. 01-236 and 120 months imprisonment on Count 1 in Criminal Action No. 01-292 "C", all terms to run concurrently. His convictions and sentence were affirmed on appeal on October 27, 2004. <u>United States v. Baham</u>, 110 Fed. Appx. 408 (5th Cir. 2004). The Court granted Willie's November 7, 2005, motions for extension of time on November 18, 2005, giving him until November 30, 2005 to file his petitions in both cases. Willie signed the first petition on February 1, 2006, and it was filed on February 13, 2006. He subsequently filed a separate petition in Criminal Action No. 01-236 on March 9, 2006, after receiving a "deficiency" notice from the Clerk's Office.[1] The Court subsequently appointed counsel for the defendant.

In these petitions, Willie presents four claims: (1) ineffective assistance of counsel due to counsel's failure to object to the § 851 enhancement; (2) ineffective assistance of counsel on appeal; (3) ineffective assistance of counsel during sentencing relative to the ten year term of supervised release; and (4) ineffective assistance of counsel due to counsel's failure to object to the sufficiency of the indictment. After counsel was appointed, the defendant argued that Hurricane Katrina, the flooding of his former

---

[1] The Court deems both petitions to have been signed on February 1, 2006, and filed on February 13, 2006. That petition contained both numbers. The subsequently filed petition is identical in substance.

attorney's office and resulting loss of his file constituted "extraordinary circumstances" warranting equitable tolling of the filing deadline for post-conviction relief under § 2255.  He also argued that his counsel was ineffective during pre-trial proceedings and trial preparation, and supplemented his arguments that his counsel was ineffective on appeal with regard to challenging the recidivism enhancement.

**Timeliness**

The government opposes the petitions with the initial arguments that the filing was untimely and no extraordinary circumstances exist to equitably toll the statute of limitations.   After Hurricane Katrina struck, the undersigned signed an order suspending "…all deadlines and delays, including liberative prescription and peremptive periods in cases pending or to be filed in this Court …" on behalf of the Court.   The suspension continued until lifted by order dated November 25, 2006.  When the consequences of this order are considered in conjunction with the "mailbox rule," the petition signed on February 1, 2006, is timely.

**Ineffective assistance of counsel**

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel.  A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense.  See id. at 697.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. See Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. See Strickland, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690). Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

The appropriate standard for determining prejudice varies slightly depending on whether the petitioner is challenging the actions of trial or appellate counsel. In order to prove prejudice with respect to trial counsel, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In making a determination as to whether prejudice occurred, courts

must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." Crockett, 796 F.2d at 793. In order to prove prejudice with respect to a claim that appellate counsel was ineffective, a petitioner must show a reasonable probability that he would have prevailed on appeal but for his counsel's deficient representation. Briesno v. Cockrell, 274 F.3d 204, 207 (5th Cir. 2001); see also Smith v. Robbins, 528 U.S. 259, 286 (2000). Therefore, petitioner must demonstrate a reasonable probability that, if appellate counsel's performance had not been deficient in the manner claimed, the appellate court would have vacated or reversed the trial court judgment based on the alleged error. Briesno, 274 F.3d at 210.

Petitioner bears the burden of proof when asserting an ineffective assistance of counsel claim. Petitioner "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." Jernigan v. Collins, 980 F.2d 292, 296 (5th Cir. 1993); see also Clark v. Johnson, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the claim without addressing the other prong. Strickland, 466 U.S. at 697.

Here, the defendant first claims constitutional error based on his counsel's failure to object to the § 851 enhancement at sentencing. The defendant's argument seems to be based on the erroneous understanding that the enhancement was based on three prior

5

convictions. Because the record reflects that the defendant's enhancement was based on only one prior conviction, this claim has no merit.

Second, the defendant argues that counsel was ineffective on appeal because he filed a brief under Anders v. California, 386 U.S. 738 (1967), instead of addressing the improper § 851 enhancement, presumably based on three prior convictions. This argument fails initially due to the defendant's misunderstanding as to the basis of this enhancement.

In supplemental brief, the defendant represented by counsel articulates another issue that should have been addressed by counsel on appeal. Specifically, the defendant argues that the § 851 enhancement could have been challenged because the single conviction upon which the enhancement was based involved conduct intrinsic to the conspiracy that overlapped in time with the conspiracy. Specifically, the defendant argues that the term of overlap should have been isolated and the jury asked to determine only the drug quantity for the period after June 19, 1999, when the prior conviction became final. United States v. Puig-Infante, 19 F.3d 929, 948 (5th Cir. 1994). According to the defendant, this would have yielded a quantity of cocaine base less than the 50 gram threshold and a ten year minimum term of imprisonment after enhancement. The defendant also argues that the prior conviction should not be considered a separate episode in the drug conspiracy for purposes of United States v.

DeVeal, 959 F.2d 536, 538 (5th Cir. 1992) and the recidivism enhancement.  According to the defendant, appellate counsel's failure to raise these issues for consideration rendered the representation ineffective for purposes of Strickland.  It does not appear that the government directly addresses this argument in its reply memorandum.

Here, the defendant was charged with five others with conspiracy "[b]eginning at a time unknown" and ending in 2001.  At trial, counsel for a co-defendant stipulated as to a drug-related occurrence in 1994 that was arguably part of the conspiracy.  (Rec. Doc. 272, p. 575).   At a minimum, however, the defendant's argument based on Puig-Infante fails because the Court can not find that had the conspiracy been limited from 1999 forward, the jury would have found a lesser quantity of drugs involved in light of the defendant's own testimony at trial.  In addition, the Court finds little support for the defendant's alternative argument in DeVeal, where the Fifth Circuit rejected the argument that the prior conviction was a "distinct episode" because the statutory offenses were different.  The Court appreciates the sophistication of this argument, but can not apply it to the circumstances presented in this matter based on the authority in DeVeal alone.  This claim fails.

The third argument raised by the defendant in his initial petition was counsel's failure to object to the imposition of the ten year term of supervised release as part of the sentence.  This term is statutorily mandated by 21 U.S.C. § 841(b)(1)(A). Therefore,

counsel's failure to object was not constitutionally deficient.

Next, the defendant argues that his counsel was ineffective because he did not object to the sufficiency of the indictment at trial.  He claims that the indictment did not properly allege the quantity of drugs that he allegedly possessed.  It appears that the defendant's claim is based on the misunderstanding that he was charged with possession.  Rather, he was charged with conspiracy to distribute and the indictment does specify the amounts of both cocaine and cocaine base involved in the conspiracy. The Court's review of the Superseding Indictment indicates that it is sufficient.  The Court finds that this claim lacks merit.

Finally, the defendant argues in supplemental memorandum  that counsel's performance at trial was constitutionally deficient in two respects.  Specifically, he argues that counsel failed to sufficiently meet and counsel him prior to trial and that he failed to properly prepare him to testify at trial.   The government opposes this argument on several grounds.

The Court appointed counsel to assist the defendant with his post-conviction petitions because of its concern as to the performance of counsel at trial.   Counsel had filed a motion to continue on July 12, 2002, two weeks before trial, based on the demands of other cases on counsel.    (Rec. Doc. 159).   In the motion, counsel admitted that he had not met with the defendant to go over the tape recorded conversations the

government intended to use at trial.   After the motion was denied, the Court observed counsel undertake rudimentary preparations for trial.   It was left with the impression that counsel's representation was less than zealous and that he did not make an adequate effort to engage the defendant in the realities of his defense.   At the same time, the Court recognizes that the defendant was adamant about not engaging in plea negotiations with the government and in testifying at trial.  While more diligent counsel may have ultimately successfully persuaded the defendant to plead, the Court finds that counsel's representation was not ineffective for purposes of Strickland.

    Accordingly,

    IT IS ORDERED the petitions under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by the defendant Jack Willie are DENIED.

    New Orleans, Louisiana, this 7th day of April, 2008.

                                          HELEN G. BERRIGAN
                                          UNITED STATES DISTRICT JUDGE